**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

|  |  |
|---|---|
| | 2:24-cv-01333-DCN |
| UVAS, LLC; JEFFERY L. DEAL; | |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| Tru-D SmartUVC, LLC d/b/a Tru-D, LLC, | |
| Defendant. | |

Plaintiffs UVAS, LLC, and Jeffery L. Deal, by and through the undersigned attorneys, submit this Complaint and allege as set forth below.

## PARTIES

1. Plaintiff UVAS, LLC ("Licensor" or "UVAS") is a limited liability company organized under the laws of South Carolina and located in Charleston, South Carolina. UVAS has two members, Jeffery L. Deal and Philip Ufkes, who are both citizens of, and reside in, South Carolina. Therefore, UVAS is deemed a South Carolina citizen.

2. Plaintiff Jeffery L. Deal ("Inventor" or "Deal") is an individual who is a citizen of South Carolina who resides in Charleston, South Carolina.

   a. Deal invented the technology at issue in this lawsuit and is a party to

contracts at issue.

3. Defendant Tru-D SmartUVC, LLC d/b/a Tru-D ("Licensee") is a limited liability company organized under the laws of Delaware, with its principal place of business in Memphis, Tennessee. Upon information and belief and following a diligent search made in good faith, Licensee's Members are not citizens or residents of South Carolina.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the claims in this lawsuit under 28 U.S.C. § 1332 because the parties are completely diverse, and the amount in controversy exceeds $75,000.00. Diversity of citizenship exists because, as stated above, Plaintiffs are citizens of South Carolina while Defendant is, upon information and belief and following a diligent search made in good faith, not a citizen and resident of South Carolina.

5. This Court has personal jurisdiction over the parties because Defendant has, through the License (as defined below), purposefully availed itself of systematic commercial activity within the State of South Carolina. Furthermore, Defendant agreed that the License (as defined below) would be governed, construed, and enforced in accordance with the laws of the State of South Carolina.

6. Venue is proper in this Court under, *inter alia*, 28 U.S.C. § 1391 because a

substantial part of the events or omissions giving rise to the claim occurred in this Court's division.

## BACKGROUND

7.  This lawsuit relates to disputed payments under a license agreement.

8.  The license agreement involves technology for disinfecting air and surfaces using ultraviolet radiation, including licensed patent rights.

9.  A Patent License Agreement was made by and between Lumalier Corporation, now Tru-D SmartUVC, LLC d/b/a Tru-D ("Licensee") and Licensor and Inventor, having an effective date of June 30, 2009 (the "License").

    a.  A true and correct copy of the License is attached hereto as <u>Exhibit 1</u> and is incorporated by reference.

10. The License is supplemented by a certain Settlement Agreement and Release entered into by Licensor, Inventor, and Licensee on April 29, 2013 (the "Settlement").

    a.  A true and correct copy of the Settlement is attached hereto as <u>Exhibit 2</u> and is incorporated by reference.

11. The License provides for, *inter alia*, an exclusive license to a bundle of patents, including US Pat. Nos. 6,656,424 and 6,911,177 (the "Mobile Patents") and US Pat. Nos. 8,067,750, 8,859,994 and 9,358,313 (the "Fixed Patents") (said patents,

collectively, the "Licensed Patents") in exchange for royalty payments made by Licensee to Licensor for the term of the License, which extends until the latest expiration date of the Licensed Patents (i.e., January 23, 2030) (the "Term").

12. The Licensed Patents relate to certain technology that utilizes ultraviolet radiation to disinfect air and surfaces.

13. Under Article VII of the License, the term of the agreement is as follows:



14. The last to expire patents in and to the technology (US Pat. Nos. 8,067,750 and 8,859,994) expire on January 23, 2030.

15. Under Article III of the License, the royalties are to be paid are as follows:



16. Under Article IV of the License, royalty payments are to be accompanied by a written report as follows:



17. In the past, Defendant provided written reports to Licensor every six months. Each written report included an accounting for the preceding six-month period and a calculation of the royalty payment.

18. Under the License, a "Licensed Device" is defined as follows:



19. Licensee currently manufactures and sells the following devices that utilize ultraviolet radiation to decontaminate air and surfaces (said devices, collectively, the "Tru-D Devices"):

a. The "Tru-D Classic":



The Tru-D Classic is a portable UVC disinfection system that precisely calculates the UV-C dose required to thoroughly disinfect a room, including in shadowed areas, via the use of closed-loop UV-C sensor technology that measures reflected UV-C energy that bounces back to the device.

b. The "Tru-D iQ Tower":



The Tru-D iQ Tower is a portable UV-C disinfection system that uses similar disinfection technology as the Tru-D Classic, with the addition of certain features such as a rising bulb array, additional safety sensors, and improved data collection and reporting.

c.   The "Tru-D iQ Scout":



The Tru-D iQ Scout is a portable UV-C disinfection system that incorporates similar disinfection technology as the Tru-D iQ Tower in a smaller form factor.

20. Each of the Tru-D Devices satisfy the definition of a Licensed Device and are accordingly subject to royalties under the License for the remainder of the Term.

21. The License involves multiple patents, as summarized above.

22. The royalties under the License are further tied to non-patent rights, including (*inter alia*) to the Licensed Devices and Tru-D Devices.

23. The Settlement provides for a minimum annual royalty under the License of

████, which amounts to roughly ████████ in minimum royalties remaining under the License.

24. In January 2024, Licensee paid the second installment of the ██████ minimum annual royalty for 2023 in the amount of ██████ without an accompanying written report.

25. Licensee has failed to provide, and has refused to provide, a written report as required under Article IV of the License, thereby preventing Licensee from determining the adequacy of the most recent royalty payment and giving rise to this action.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

26. The allegations above and below are incorporated into this cause of action as if set forth fully herein.

27. The License, as supplemented by the Settlement, made and agreed to by Plaintiffs and Defendant, is a valid contract.

28. The License requires Defendant to make royalty payments to Licensor for, *inter alia*, Defendant's manufacture and sale of the Tru-D Devices during the Term.

29. Defendant breached the License by refusing to provide a written report of the number of Licensed Devices sold for the most recent royalty period, thereby preventing Licensee from determining the adequacy of the most recent royalty

payment.

30. Upon information and belief, Defendant has improperly failed to make required payments to Plaintiffs, thereby breaching the contract.

31. Therefore, Plaintiffs are entitled to an award of damages against Defendant in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment, 28 U.S.C. § 2201 *et seq.*)

32. The allegations above and below are incorporated into this cause of action as if set forth fully herein.

33. An actual controversy exists among the parties as to their rights under the relevant contracts, including the contracts attached as <u>Exhibit 1</u> and <u>Exhibit 2</u>.

34. As summarized above, Plaintiffs contend that they are owed royalty payments and written reports under the contracts for use of specified patents.

35. Plaintiffs accordingly seek a declaratory judgment that (a) Defendant owes past and ongoing royalty payments to Plaintiffs on sales of the Tru-D Devices until at least the end of the Term; (b) Defendant is required to provide a true, complete, and accurate written accounting to Plaintiffs every six months; and (c) such other matters as may be raised by defenses asserted by Defendant.

## THIRD CAUSE OF ACTION

### (Accounting)

36. The allegations above and below are incorporated into this cause of action as if set forth fully herein.

37. The parties have a binding contract, as set forth above.

38. As part of their contract, Defendant is required to ███████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

39. Plaintiffs request that the Court order Defendants to provide Plaintiffs with a true, complete, and fully accurate accounting of (a) the number of Licensed Devices sold, (b) the gross revenue from sales of Licensed Devices during the applicable period, and (c) the amount of royalty due during the time-period between July 1, 2023, and December 31, 2023.

WHEREFORE, Plaintiffs requests that judgment be entered against Defendant on all causes of action, and that Plaintiffs be awarded:

A. Actual damages;

B. Consequential damages;

C. Special damages;

D. Punitive and other damages as appropriate and allowed by law;

E. A declaratory judgment as set forth above;

F.  An accounting as set forth above;

G.  Pre-judgment and post-judgment interest;

H.  Attorneys' fees and costs; and

I.  Such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

FORD WALLACE THOMSON LLC

By: _____s/ Ian Ford_____

Ian S. Ford
    Fed. Bar No. 9057
    Ian.Ford@FordWallace.com
715 King Street, Charleston, SC  29403
(843) 277-2011
www.FordWallace.com

FINCH PAOLINO, LLC
Gregory C. Finch
    gfinch@finchpaolino.com
91 Rutledge Avenue
Charleston, South Carolina 29401

*Attorneys for Plaintiff*

Charleston, South Carolina

March  19 , 2024